[S.F. No. 23323. In Bank. Feb. 4, 1976.]

SAN FRANCISCO CIVIL SERVICE ASSOCIATION,
LOCAL 400 et al., Petitioners, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
THE STATE OF CALIFORNIA ex rel. REGIONAL WATER QUALI-
TY CONTROL BOARD, SAN FRANCISCO BAY REGION et al.,
Real Parties in Interest.

## COUNSEL

Jerome M. Garchik, Victor J. Van Bourg and Van Bourg, Allen, Weinberg, Williams & Roger for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Carl Boronkay, Assistant Attorney General, Roderick Walston, Richard C. Jacobs, and Gregory K. Wilkinson, Deputy Attorneys General, Thomas M. O'Connor, City Attorney, and George E. Baglin, Deputy City Attorney, for Real Parties in Interest.

## OPINION

**SULLIVAN, J.**—Petitioners seek a writ of mandate directing respondent superior court to vacate its order denying petitioners' motion for summary judgment and judgment on the pleadings and to enter an order granting such motions in·the underlying action for injunctive relief and civil penalties pursuant to section 13385 of the Water Code.[1]

The facts in brief are these: Real party in interest City and County of San Francisco (hereafter City) operates four sewage treatment plants which process the sewage discharged by the City into the waters of the Pacific Ocean and San Francisco Bay. From March 8 through March 12, 1974, these plants were closed during a labor dispute between the City and petitioners.[2] As a result in excess of 100 million gallons of raw

---

[1] Section 13385 of the Water Code provides: "Any person who discharges pollutants, except as permitted by waste discharge requirements. or who violates any cease and desist order. prohibition. waste discharge requirement. effluent limitation. water quality related effluent limitation. national standard of performance. pretreatment or toxicity standard or who refuses to comply with the requirements adopted pursuant to Section 13382 shall be subject to civil penalty not to exceed ten thousand dollars ($10.000) for each day in which such discharge. violation. or refusal occurs. Funds collected shall be paid to the State Water Pollution Cleanup and Abatement Account."

Hereafter. unless otherwise specified. all section references shall be to the Water Code.

[2] Petitioners are the following: San Francisco Civil Service Association. Local 400: Civil Service Building Maintenance Employees Union Local 66-A: Hospital & Institu-

sewage were discharged into the waters of the state without any pretreatment.

On March 8, 1974, real party in interest State of California on the relation of the Regional Water Quality Control Board, San Francisco Bay region (hereafter Regional Board and plaintiff) brought the underlying action for civil penalties against numerous defendants, including petitioners and the remaining real parties in interest, including the City, in the Superior Court of the City and County of San Francisco. On March 12, 1974, plaintiff filed its first amended complaint in said action and on the same day said superior court issued an order to show cause and a temporary restraining order commanding the City to provide proper treatment for sewage routed to and discharged from the four sewage treatment plants. On March 13, 1974, the City filed its answer and in addition thereto a cross-complaint[3] against petitioners for declaratory relief by way of indemnification for any civil penalties imposed on the City for waste discharge and for any compensatory and punitive damages awarded against the City by reason of the strike and picketing activities at the four sewage treatment plants. On August 4, 1974, by stipulation petitioners were dismissed as defendants on plaintiff's first amended complaint against the City but remained as cross-defendants on the City's cross-complaint. Thereafter on plaintiff's motion, the action was ordered transferred to respondent Superior Court of the County of Marin in which court it has at all times thereafter been, and now is, pending.

On March 17, 1975, petitioners (cross-defendants below) moved respondent court for summary judgment and judgment on the pleadings based on seven grounds,[4] including the ground that the City as a public

tional Workers' Union, Local 250; Social Workers Union Local 535; Gerry Hipps, Secretary of San Francisco Civil Service Association Local 400; Timothy Twomey, Executive Secretary of Hospital and Institutional Workers' Union, Local 250; and Bob Morgan.

[3] The cross-complaint was amended on April 18, 1974. The answer to the amended cross-complaint was filed February 7, 1975, and amended April 30, 1975.

[4] Cross-defendants moved "for summary judgment and for judgment on the pleadings on each and all of the following grounds:

"1. The underlying Complaint against the CITY AND COUNTY OF SAN FRANCISCO does not state a cause of action, in that

"(a) Plaintiff STATE OF CALIFORNIA does not allege it has filed any claim with the CITY AND COUNTY prior to filing suit for damages pursuant to the Government Code and the San Francisco City Charter;

"(b) Plaintiff seeks recovery for punitive damages against a public entity, in

entity was immune from liability for punitive damages under section 818 of the Government Code.[5] On May 5, 1975, cross-defendants' motion was denied on the ground, as stated in the memorandum and minute order of the trial court,[6] that the Legislature has expressed its intention that municipalities be subject to liability for the sums provided for in section 13350.

Petitioners thereafter sought a writ of mandate in the Court of Appeal on the sole ground that the damages sought by plaintiff under sections 13350 and 13385 were punitive damages which could not be recovered from the City under section 818 of the Government Code.[7] The Court of Appeal issued an alternative writ of mandate and we ordered the cause transferred to this court (see Cal. Const., art. VI, § 12; Cal. Rules of Court, rule 20) for decision in conjunction with *People* ex rel. *Younger* v. *Superior Court, ante,* page 30 [127 Cal.Rptr. 122, 544 P.2d 1322].

In *People* ex rel. *Younger* v. *Superior Court, supra, ante,* page 30, we held that the liability provided for by section 13350, subdivision (a), may

---

violation of Government Code § 818;

"(c) Plaintiff alleged inconsistent theories for recovery under the Water Code;

"(d) Plaintiff does not allege it met the conditions precedent to liability under the Water Code.

"2. The Amended Cross Complaint fails to state causes of action in that:

"(a) The cross-defendants are only charged with lawful picketing, and their lawful conduct did not proximately cause the harms complained of;

"(b) Punitive damages sought by the CITY may not be awarded where actual damages were not suffered;

"(c) Intentional tort feasors are not entitled to indemnity."

[5] Government Code section 818 provides: "Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant."

[6] "Following the hearing, I have read *California* v. *Department of the Navy*, 371 Fed.Supp. 82. There is no doubt, as the analysis in this case points out, that the civil liabilities provided for in Section 13350 of the Water Code have several aspects that are penal in nature. That they may constitute the type of damages described in Government Code Section 818 is clearly a possibility.

"However, there is no Constitutional prohibition which would prevent the Legislature from imposing liability upon municipalities for the sums provided for in Section 13350. I am satisfied from the consideration of the Legislative scheme set forth in the Water Quality Control Act that the Legislature has expressed its intention to subject municipalities to this liability. . . .

"It is therefore ordered that the motion of Cross-Defendants for summary judgment and for judgment on the pleadings be denied."

[7] Since the sole ground urged in the petition for writ of mandate is the question of immunity for a public entity pursuant to section 818 of the Government Code, it provides the sole ground for the issuance of the alternative writ of mandate and is the sole issue before this court.

be imposed upon a public entity because the moneys thereby collected civilly are not punitive damages within the meaning of section 818 of the Government Code. We reasoned that although such civil penalties are punitive in nature in that they are intended to deter persons from causing deposits of oil and waste in and upon state waters, they are not simply and solely punitive since they compensate the people of the state for the real but unquantifiable resultant harm and the moneys thus recovered are used to clean up waste and abate its effect on state waters. In the instant proceeding we are similarly called upon to determine whether the civil penalties prescribed by section 13385 for discharging pollutants are simply and solely punitive in nature or fulfill compensatory functions so as to remove them from the class of punitive damages covered by section 818 of the Government Code.

In 1972 the Legislature added chapter 5.5 to division 7 of the Water Code (Stats. 1972, ch. 1256, § 1, p. 2485) consisting of sections 13370-13389 in order to comply with the provisions of the Federal Water Pollution Control Act (33 U.S.C. § 1151 et seq.).[8] The federal act applies to point source discharges of pollutants into navigable waters.[9] Section 13372 directs that the provisions of chapter 5.5 shall apply to actions required under the federal act, and shall prevail over other provisions of the division to the extent of any inconsistency. Since in the instant case the discharge of the raw sewage was into navigable waters, chapter 5.5 is applicable. Section 13386, subdivision (c), provides that with respect to violation of waste discharge requirements the remedies under section 13385 are in lieu of civil monetary remedies under section 13350. Therefore the State of California is seeking to recover civil penalties from the City as a person who discharged pollutants in violation of section 13385.

---

[8]Section 13370 provides: "The Legislature finds and declares that since the Federal Water Pollution Control Act (33 U.S.C. § 1151 et seq.), as amended, provides for a permit system to regulate the discharge of pollutants to the navigable waters of the United States and provides that permits may be issued by states which are authorized to implement the provisions of such act, it is in the interest of the people of the state, in order to avoid direct regulation by the federal government of persons already subject to regulation under state law pursuant to this division, to enact the provisions of this chapter in order to authorize the state to implement the provisions of the Federal Water Pollution Control Act and acts amendatory thereof or supplementary thereto, and federal regulations and guidelines issued pursuant thereto."

[9]The federal act proscribes "the discharge of any pollutant by any person . . ." (33 U.S.C. § 1311 (a)). "Discharge of any pollutant" is defined as "any addition of any pollutant to navigable waters from any point source . . ." (33 U.S.C. § 1362 (12)). "Pollutant" is defined as including "sewage" as well as "municipal . . . waste." (33 U.S.C. § 1362 (6).) "Point source" is defined as "any discernible, confined, and discrete conveyance, including . . . any pipe, ditch, channel, tunnel [or] conduit . . . ." (33 U.S.C. § 1362 (14).)

Since the moneys civilly collected pursuant to section 13385, like those collected pursuant to section 13350, subdivision (a) (3), are paid to the State Water Pollution Cleanup and Abatement Account, and since the water pollution proscribed by section 13385 similarly results in severe unquantifiable damage as described in *People* ex rel. *Younger* v. *Superior Court, supra,* we conclude that the liability imposed by section 13385 fulfills the same compensatory functions as the liability imposed by section 13350. Therefore, for the reasons set forth in *People* ex rel. *Younger* v. *Superior Court, supra,* we hold that the moneys civilly collected pursuant to section 13385 are not punitive damages within the meaning of Government Code section 818.

We uphold the trial court's ruling. The alternative writ of mandate is discharged and the peremptory writ of mandate is denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Clark, J., and Richardson, J., concurred.

The petition of real party in interest City for a rehearing was denied March 3, 1976.